CAOUETTE v. YOUNG, *Adm'x.*

A judgment for a sum larger than the *ad damnum* in the writ is not a nullity, and cannot be questioned in an action brought thereon; but a continuance may be granted to enable the defendant to secure a reversal of the judgment.

DEBT, upon a judgment rendered by the police court of Manchester against the defendant's intestate, John C. Young, in his lifetime. The writ is dated November 8, 1889. Plea, *nul tiel record.* Facts found by the court.

The plaintiff called the clerk of the police court, who produced the docket and files of that court relating to the judgment set forth in the declaration. The docket entry is as follows:

"1874
July 1 } William C. Caouette *v.* Albert Juitress
409　　　　　　　　　　　　　　*alias* Deroucier
　　　　　　　　　　　　　　John C. Young

　　　Osgood
　　　Default
　　　　Judg't　　　　　　　　34.58 debt
　　　　　　　　　　　　　　4.99 costs
　　　　　　　　　　　　　────────
　　　　　　　　　　　　　　39.57 "

In the writ William C. Caouette is described as plaintiff, and "Albert Juitress *alias* Albert Deroucier" as defendant. The name of Hiram Young was originally inserted as trustee. The name "Hiram" was erased and the name "John C." written over it, and a corresponding change was made in the filing on the back of the writ. It did not appear when these changes were made. The officer's return shows that service was made on John C. Young by his leaving a copy at his abode May 29, 1874, at 2.40 p. m., and on Deroucier by his giving to him in hand a copy June 15, 1874.

The writ is dated May 28, 1874, and was made returnable on the first Wednesday of July then next. The *ad damnum* is $13.

The specification is as follows:

"Manchester, N. H. July 1st, 1874.

Albert Deroucier to William C. Caouette, Dr.

| 1873 July 15 | To Meat | 4.58 |
| | " Cash lent | 30.00 |
| | | 34.58 " |

The clerk of the police court also produced an execution issued by that court, dated July 2, 1874, in favor of William C. Caouette against John C. Young as trustee of Albert Juitress for $39.57 and seventeen cents more for the execution. The execution was returned unsatisfied May 25, 1891 (as appears by an endorsement on the back thereof), the day before the hearing in this action. The execution was received subject to the defendant's exception.

There is no entry on the docket of the issuing or return of the execution. There is no record except the foregoing that Young was defaulted, or of any judgment against him. The foregoing docket entry and papers from the files constitute the only record in the case.

John C. Young died in 1887, leaving a large estate, and was a man of large property from the time of the service of the writ upon him until his death. The defendant is administratrix of his estate.

*Alpheus C. Osgood*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendant.

BLODGETT, J. The plea of *nul tiel record* merely puts in issue the existence of the record as stated. 1 Ch. Pl. 485. Under this plea to debt on a judgment, the plaintiff cannot recover, if, upon the production of the record, the judgment upon its face appears to be void; but he may recover if the judgment, though erroneous, is merely voidable, and has not been set aside or reversed. *Bruce* v. *Cloutman*, 45 N. H. 37.

The record in this case shows due and legal notice of the original suit to the principal debtor and the trustee; that neither of them appeared, and that both were defaulted; and that judgment was rendered for the full amount of the plaintiff's specification. Thus far the record discloses no error. Suffering himself to be defaulted was an admission by the trustee of his indebtedness to the debtor, and of his liability to be charged for the amount specified in the writ (*Drew* v. *Towle*, 27 N. H. 412; G. S., *c.* 230, *s.* 11), and if so charged, he would have no apparent ground of complaint, provided there was no defect or irregularity in the proceedings which would afford a sufficient cause for the reversal of the judgment.

The existence of such a defect is, however, disclosed by a

further inspection of the record, which shows that while the *ad damnum* in the writ was for only thirteen dollars, the judgment rendered was for more than three times that amount. This afforded sufficient cause for the reversal of the judgment on error, but did not make it a nullity (*Jarvis* v. *Brooks*, 27 N. H. 37, 68); and as the judgment has not been reversed or set aside, it follows that the plaintiff is entitled to recover as the case now stands. Nevertheless, we think, upon the facts found at the hearing, that the case should be discharged and remanded to the trial term, and there be continued, to enable either party to have the original action brought forward in the police court for such proceedings in that court as justice may require; or, upon the refusal of that court to take action in the premises, that a writ of error, or some other process, may be issued by this court upon petition and notice.

The lapse of time which has intervened between the judgment and its attempted enforcement against the estate of the deceased trustee, who, it is found, "was a man of large property," is sufficient evidence of itself, if unexplained by the plaintiff, that a wrong has been committed which entitles the defendant to relief.

*Case discharged.*

Smith, J., did not sit: the others concurred.